Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| Valverde de Lucerna, LLC<br><br>Apelante<br><br>vs.<br><br>Minas Papadakis Gabrilakis, Victoria Muñoz Mendoza, María Ruaño Muñoz, Eleni Papadakis Muñoz, Manuel Papadalis Muñoz, Andrés Papadakis Bared, Daniela Papadakis Bared, María de Lourdes Rodríguez González, M.C.P.R. menor de edad representada por su tutora legal María de Lourdes Rodríguez González<br><br>Apelados | KLAN202400753 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2021CV05149<br><br>Sobre: Incumplimiento de Contrato; Negociación de Mala Fe; Daños y Perjuicios |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de septiembre de 2024

Comparece ante nos, Valverde de Lucerna, LLC (Valverde o apelante), quien presenta recurso de apelación en el que solicita la revocación de la "Sentencia Parcial" dictada el 12 de junio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante el referido dictamen, el foro primario declaró Ha lugar la "Moción Solicitando Sentencia Parcial Desestimatoria [...]" presentada por los hermanos Daniela Papadakis Bared y Andrés Papadakis Bared (en conjunto, hermanos Papadakis Bared o apelados).

Mediante "Resolución" emitida el 19 de agosto de 2024, concedimos a la parte apelada un término a vencer el martes 10 de

---

[1] Notificada el 14 de junio de 2024.

septiembre de 2024 para que sometiera su alegato en oposición. No obstante, dicha parte no presentó el mismo, según le fuera ordenado. Así las cosas, transcurrido en exceso el término concedido para presentar el alegato en oposición, procedemos a resolver según advertido.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, revocamos la "Sentencia Parcial" apelada mediante los fundamentos que expondremos a continuación.

**I.**

El 16 de diciembre de 2021, Valverde presentó una "Demanda"[2] por incumplimiento de contrato y daños y perjuicios contra, entre otros codemandados, los hermanos Papadakis Bared.[3] En síntesis, alegó que, para principios del 2021, buscaba propiedades que tuviesen un potencial de incremento en su valor, con el propósito de adquirirlas a un precio accesible y, posteriormente, lucrarse de dicha inversión. Arguyó que, a esos fines, identificó un inmueble ubicado en Dorado Beach East, el cual adquirió mediante contrato de compraventa suscrito el 21 de abril de 2024, con el señor Minas Papadakis Gabrilakis y, su esposa, la señora Victoria Muñoz Mendoza (en conjunto, esposos Papadakis-Muñoz).

No obstante, adujo que, luego de que los esposos Papadakis-Muñoz le representaron ser titulares de la propiedad, se enteró que, el 7 de julio de 2007, éstos les habían donado dicho inmueble a sus cuatro hijos, a saber: (1) Manuel Papadakis Muñoz, (2) Eleni Papadakis Muñoz, (3) María Ruaño Muñoz, y (4) Alexandros Papadakis Muñoz. Asimismo, señaló que, además, se percató de que la propiedad permanecía gravada por dos hipotecas, a pesar de

---

[2] Dicha reclamación fue enmendada el 22 de febrero de 2022.
[3] Los hermanos Papadakis Bared son hijos de Alexandros Papadakis Muñoz, quien falleció el 31 de julio de 2011 siendo codueño de la propiedad por razón de donación. Véase, alegaciones 7 y 8 de la "Demanda".

que se le informó que sería liberada de dichos gravámenes previo a que se concretara el cierre de la venta.

Sostuvo que, para subsanar el defecto, el 11 de mayo de 2021, se enmendó el contrato para que comparecieran a su firma los verdaderos propietarios, entre ellos, los hermanos Papadakis Bared. Añadió que, entre otras cosas, estos se obligaron a: (1) liberar la propiedad de las hipotecas, (2) otorgar la escritura de compraventa, y (3) obtener autorización judicial respecto a la menor M.C.P.R., quien es codueña de la propiedad.[4]

Sin embargo, afirmó que, incumpliendo con sus obligaciones contractuales, los hermanos Papadakis Bared: (1) no liberaron la propiedad de los gravámenes dentro del término acordado. Sino que ocultaron la existencia de litigios en cuanto a los gravámenes y el riesgo de que la propiedad fuera ejecutada por un tercero, (2) pretendieron dar por terminado la relación contractual, aun cuando representaron que harían todo lo posible para cumplir con sus obligaciones, y (3) optaron por desistir de la petición de autorización judicial en lugar de someter los documentos requeridos para lograr su aprobación.

Por entender que los hermanos Papadakis Bared actuaron con mala fe y haciendo falsas representaciones durante la negociación del contrato, solicitó que se ordene: (1) otorgar el contrato, según pactado, (2) llevar a cabo los actos necesarios para obtener la autorización judicial requerida, (3) entregar la propiedad libre de toda carga o gravamen, y (4) compensación por todos los daños sufridos, los que se estiman en $5,000,000.00 de dólares.

Tras varias incidencias procesales, el 4 de octubre de 2022,[5] el Tribunal de Primera Instancia emitió una "Sentencia Parcial", y concluyó que el contrato de compraventa suscrito por las partes es

---

[4] La menor también es hija del fenecido Alexandros Papadakis Muñoz.
[5] Notificada el 5 de octubre de 2022.

nulo *ab initio*. Consecuentemente, desestimó las causas de acción por incumplimiento contractual, dolo en la contratación, y sentencia declaratoria. De esta manera, el pleito permaneció activo respecto a las restantes dos causas de acción: (1) daños y perjuicios por *culpa in contrahendo*, y (2) daños y perjuicios por violación a la doctrina de actos propios.

Advenido final y firme el dictamen del foro primario, el 25 de abril de 2024, los hermanos Papadakis Bared presentaron una "Moción Solicitando Sentencia Parcial Desestimatoria [...]" y, en esencia, argumentaron que el apelante carece de evidencia para sustentar sus causas de acción bajo las doctrinas de *culpa in contraendo* y actos propios. En apoyo de su argumentación, citaron materia extrínseca a las alegaciones de la "Demanda", en particular, porciones de las transcripciones de las deposiciones efectuadas el 6 de diciembre de 2023 a los codueños de Valverde, el señor Jonathan Marcel Krautmann y la señora Elizabeth Suzanne Lara. Amparándose en la Regla 36 de Procedimiento Civil, *infra*, solicitaron la desestimación sumaria de las reclamaciones presentadas en su contra.

Valverde se opuso a la desestimación solicitada por los apelados mediante "Solicitud para que se Deniegue de Plano Solicitud de Sentencia Sumaria [...]" presentada el 20 de mayo de 2024. En resumidas cuentas, esgrimió que el escrito presentado por los hermanos Papadakis Bared incumplió con la Regla 36.3 de Procedimiento Civil, *infra*, toda vez que no se incluyó un listado enumerado de hechos incontrovertidos con sus respectivas referencias a evidencia. Por esta razón, solicitaron se denegase de plano la moción de los apelados o que, en la alternativa, se les ordenase incluir un listado enumerado de hechos específicos con referencia a la prueba. Finalmente, y en caso de que el Tribunal

determinase que la solicitud procedía en derecho, solicitaron un término de 15 días para oponerse en los méritos.

Atendidos los escritos presentados por ambas partes, el 12 de junio de 2024,[6] el Tribunal de Primera Instancia emitió "Sentencia Parcial" mediante la cual declaró Ha lugar la "Moción Solicitando Sentencia Parcial Desestimatoria [...]" presentada por los hermanos Papadakis Bared. Determinó que,

> *No hay duda de que la solicitud de desestimación, presentada por los hermanos Papadakis Bared, es confusa, difícil de leer y en efecto, puede interpretarse tanto como una solicitud de desestimación como una solicitud de sentencia sumaria; esto no necesariamente la descalifica para ser concedida, si esta tiene hechos suficientes para concederse. [...] Por tanto, sin importar lo mal redactada que estuviese una solicitud, si la misma se acompaña de prueba que el tribunal pueda corroborar y la otra parte no se opone, el tribunal tiene potestad de concederla.*

Inconforme con el dictamen, el 1 de julio de 2024, Valverde presentó una "Solicitud de Reconsideración de Sentencia Parcial", y reiteró que la solicitud presentada por los apelados incumple con la Regla 36.3 de Procedimiento Civil, *infra*.

Mediante "Orden" emitida el 8 de julio de 2024,[7] el foro *a quo* declaró No Ha Lugar la "Solicitud de Reconsideración de Sentencia Parcial" presentada por el apelante.

Aún insatisfecho, Valverde recurre ante esta segunda instancia judicial, y señala la comisión de los siguientes errores, a saber:

> *A. Erró el TPI al no denegar de plano la solicitud de sentencia sumaria presentada por los Apelados por incumplimiento craso con la Regla 36 de Procedimiento Civil al no incluir un listado enumerado de los supuestos hechos incontrovertidos en los que apoyaba su solicitud con referencias a la prueba y/o instruirles a cumplir con la misma y por el contrario dictar Sentencia Parcial declarándola con Lugar sin como mínimo darle oportunidad a la parte Demandante de entrar a los*

---

[6] Notificada el 14 de junio de 2024.
[7] Notificada el 10 de julio de 2024.

*méritos de la misma según esta solicitara oportunamente.*

B. *Erró el Tribunal de Primera Instancia al denegar la Reconsideración presentada por Valverde sin antes considerar en los méritos la prueba sometida por Valverde en su Solicitud de Sentencia Sumaria que establecía los méritos de su reclamación contra los aquí Apelados y refutaba los planteamientos de la solicitud de sentencia sumaria de éstos.*

## II.

### -A-

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, le permite a la parte contra la cual se reclama solicitar que se desestime la demanda presentada en su contra, bajo cualquiera de los siguientes fundamentos:

*Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.*

Al resolver una solicitud de desestimación fundamentada en el inciso (5) de la precitada regla, el tribunal está obligado a dar por ciertos, y de la forma más favorable para el demandante, todos los hechos bien alegados en su reclamación, siempre y cuando hayan sido aseverados de manera clara y concluyente. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 78 (2023). Luego, le corresponderá determinar si, "a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio". *Costas Elena y otros v. Magic Sport y otros*, 2024 TSPR 13. Bajo este criterio, la demanda solo será desestimada si carece de todo mérito, o cuando surja que la parte demandante no tiene derecho a remedio alguno bajo

cualesquiera de los hechos que se pueda probar. *Blassino Alvarado v. Reyes Blassino*, 2024 TSPR 93.

Ahora bien, al atender este tipo de moción, el tribunal deberá tener en cuenta que, según reconoce la propia Regla 10.2 de Procedimiento Civil, *supra,* **cuando una moción de desestimación está fundada en que la reclamación no justifica la concesión de un remedio**, **y se expusieren materias no contenidas en la demanda**, **y éstas no fueren excluidas por el tribunal**, **la moción deberá ser considerada como una solicitud de sentencia sumaria**. A tenor con lo anterior, la moción de desestimación se transforma "en lo que verdaderamente es: una moción sobre sentencia sumaria; y dispone que sea considerada como si fuera tal". R. Hernández Colón, <u>Manual de Derecho Procesal Civil</u>, 2da ed., Hato Rey, Ed. Equity, 1981, Sec. 2602, pág. 195.

**-B-**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R. 36, regula el mecanismo de sentencia sumaria. *Aponte Valent ín et al. v. Pfizer Pharm.*, 208 DPR 263, 277 (2021). Este mecanismo procesal permite la disposición ágil, justa, y económica de pleitos en los cuales resulta innecesario celebrar un juicio plenario. *Cruz, López v. Casa Bella y otros*, 2024 TSPR 47. Por consiguiente, el promovente debe establecer su derecho con claridad y demostrar que una vista en los méritos es innecesaria porque no existe controversia genuina sobre algún hecho material. *Birriel Colón v. Econo y otro*, 2023 TSPR 120.

Nuestro Alto Foro ha definido un hecho material como "aquellos que pueden alterar la forma en que se resuelve una reclamación, de acuerdo con el derecho sustantivo aplicable". *Cruz, López v. Casa Bella y otros*, *supra*. De este modo, en

ausencia de hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. *Íd.*

La Regla 36.3(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a), dispone que la moción de sentencia sumaria deberá contener:

> *1. Una exposición breve de las alegaciones de las partes;*
> *2. los asuntos litigiosos o en controversia;*
> *3. la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *4. **una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;***
> *5. las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *6. el remedio que debe ser concedido.*

(Énfasis nuestro).

Por su parte, quien se opone a la solicitud de sentencia sumaria deberá presentar su contestación dentro del término de 20 días desde que le fue notificada. Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). Si no presenta su contestación dentro del referido término, se entenderá que la moción de sentencia sumaria queda sometida para la consideración del tribunal. Regla 36.3(e) de Procedimiento Civil, *supra*. En caso de que se oponga oportunamente, deberá "contestar de forma tan detallada y específica como lo haya hecho la parte promovente". Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). De este modo, deberá relacionar de forma concisa los párrafos, según enumerados por la parte promovente, que a su juicio están en controversia, y deberá refutar los hechos materiales que están en controversia presentando evidencia sustancial. Regla 36.3(b) de Procedimiento Civil, *supra*. Ahora bien, el hecho de que la parte que se opone no haya presentado prueba para controvertir la

evidencia presentada por el promovente no implica que la moción procederá automáticamente. SLG *Fernández-Bernal v. RAD-MAN et al.,* 208 DPR 310, 337 (2021). Es necesario evaluar si en realidad existe una controversia sustancial sobre hechos materiales. *Íd.*

No se dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra et al.,* 186 DPR 713, 757 (2012). Tampoco procede dictar sentencia por la vía sumaria "en casos en donde existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad es esencial y está en disputa". *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Finalmente, debemos enfatizar que los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia al revisar solicitudes de sentencia sumaria. *Oriental Bank v. Caballero García,* 212 DPR 671, 680 (2023). No obstante, estamos limitados a: (1) considerar aquellos documentos que se presentaron ante el foro de primera instancia; (2) determinar si existen controversias genuinas de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó correctamente. *Birriel Colón v. Econo y otro, supra.* Los criterios a seguir por este tribunal al atender la revisión de una sentencia sumaria dictada por el foro primario han sido enumerados con exactitud por nuestro Tribunal Supremo. A tenor, el Tribunal de Apelaciones debe:

> *1) examinar de novo el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, supra, y la jurisprudencia le exigen al foro primario;*
>
> *2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, supra;*

*3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y*

*4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 679 (2018).

### III.

Según revela el tracto procesal, los hermanos Papadakis Bared presentaron una "Moción Solicitando Sentencia Parcial Desestimatoria [...]", **junto con la cual anejaron copia de las deposiciones efectuadas en el caso**. En su escrito, citaron las alegaciones pertinentes de la "Demanda", **y las refutaron con porciones de las transcripciones que anejaron a su escrito**.

Cónsono con el marco legal discutido, al atender una moción de desestimación, el tribunal deberá considerar que, según la propia Regla 10.2 de Procedimiento Civil, *supra*, **cuando la solicitud está fundada en que la reclamación no justifica la concesión de un remedio**, **y se expusieren materias no contenidas en la demanda**, **y éstas no fueren excluidas por el tribunal**, **la moción deberá ser considerada como una solicitud de sentencia sumaria**.

Evidentemente, **la moción presentada por los hermanos Papadakis Bared es una solicitud de sentencia sumaria**. Así lo reconoce la propia parte apelada, quien se amparó en la Regla 36 de Procedimiento Civil, *supra*, para solicitar la desestimación sumaria de las reclamaciones presentadas en su contra. Ante esta realidad, dicho escrito tenía que cumplir con las formalidades dispuestas en la Regla 36.3(a) de Procedimiento Civil, *supra.*

Sin embargo, tal y como argumenta Valverde en su recurso, **la moción de sentencia sumaria presentada por los hermanos**

**Papadakis Bared incumplió con los requisitos recabados por la Regla 36.3(a) de Procedimiento Civil**, *supra*.

Tras evaluar la "Moción Solicitando Sentencia Parcial Desestimatoria [...]" presentada por los apelados, notamos que **no se incorporó una relación concisa y organizada en párrafos enumerados de los hechos incontrovertidos**. El requisito de numeración "no es un mero formalismo, ni constituye un simple requisito mecánico sin sentido". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Sino que, el deber de identificar cada uno de los hechos, al igual que la prueba admisible que los sostiene, agiliza la labor de los jueces de instancia y permite a la parte oponente plasmar su versión contrapuesta para cada hecho consignado. *Íd.*

Como los hermanos Papadakis Bared incumplieron con su deber de incluir un listado enumerado de hechos incontrovertidos con sus respectivas referencias a evidencia como lo requiere la Regla 36.3(a) de Procedimiento Civil, *supra*, **el Tribunal de Primera Instancia no debió considerar dicho escrito**. El hecho de que Valverde no se opusiera en los méritos tampoco implica que la solicitud de los apelados procedía automáticamente, pues, si el escrito no cumple con los criterios de la Regla 36.3(a) de Procedimiento Civil, *supra*, es improcedente en derecho.

En virtud de lo anterior, determinamos que el Tribunal de Primera Instancia erró al emitir la "Sentencia Parcial" declarando Ha Lugar la solicitud de sentencia sumaria parcial promovida por los hermanos Papadakis Bared, aún cuando la petición incumplía con los requisitos de forma que requiere la Regla 36.3(a) de Procedimiento Civil, *supra*.

### IV.

Por los fundamentos expuestos, los que se hacen formar parte de este dictamen, se revoca la "Sentencia Parcial" emitida por

el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se devuelve para la continuación de los procedimientos conforme lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones